IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | Case No. CR 2-07-179 |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| JAMES D. GAITHER, *et. al.*, : | |
| : | |
| Defendants. | |

**OPINION & ORDER**

This matter is before the Court on Defendant James D. Gaither's Motion for Relief from Prejudicial Joinder or in the alternative, for Severance.  The United States indicted nine Defendants for conspiring to defraud home-owners and lending institutions in the sale of residential property in the Columbus, Ohio, area.  Seven Defendants have pleaded guilty.  Trial for the remaining two Defendants, Gaither and Jonathan Boyd, is scheduled to begin Monday, November 17, 2008.  Gaither demands a separate trial.  He moves for relief from prejudicial joinder pursuant to Federal Rule of Criminal Procedure 8(b), or in the alternative, for severance pursuant to Rule 14.  The standard of review is different for each claim.

1.  Prejudicial Joinder

Gaither alleges that the government improperly joined his case with Boyd's because Boyd separately faces charges of tax fraud.  Rule 8(b) permits the government to join multiple defendants so long as "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions."  *United States v. Hatcher*, 680 F.2d 438, 441 (6th

Cir. 2003).[1]  Acts or transactions constitute a "series" if they are logically interrelated, or if they are part of a common scheme or plan.  *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985).  Ultimately, there must be a "*sufficient nexus* exists between the defendants and the single or multiple acts or transactions charged as offenses." *Id.* (emphasis added).

In this case, the acts alleged in the indictment were sufficiently interrelated to merit joinder of Gaither and Boyd's charges.  The alleged scheme worked as follows.  Boyd, at the behest of Donald Green, posed as a successful real-estate broker to relatively ignorant prospective home-owners.  Once Boyd interested a buyer in a home, Gaither prepared an exaggerated appraisal of the property.  Boyd then falsified the buyer's loan application to make the buyer appear credit-worthy, allowing the buyer to obtain a mortgage for which he would otherwise not qualify.  The result being that the lender would approve an excessive mortgage, which the buyer could not afford, on a home that was in fact worth much less than either the lending institutions or the buyer believed it to be.  Both Boyd and Gaither allegedly collected inflated fees and commissions as a result of the fraud.  In addition, the government insists that Boyd failed to pay taxes on the fraudulently obtained brokerage commissions so as not to arouse suspicion.

It is undisputed that Gaither and Boyd's charges of conspiracy, wire fraud, and bank fraud arise from the same series of events.  But Gaither contends that joinder of Boyd's tax fraud

---

[1]Federal Rule of Criminal Procedure 8(b) provides:

Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

claims is improper.  The Court disagrees.  The case upon which Gaither relies, *United States v. Hatcher*, is inapposite.  The government jointly tried Hatcher and his co-defendant, Manetas, for narcotics crimes.  *Hatcher*, 680 F.2d at 441.  Prosecutors indicted both men for possession and distribution of heroin, but also indicted Hatcher for possession and distribution of cocaine.  The only connection between Manetas's heroin charges and Hatcher's cocaine charges was that heroin and cocaine are both narcotics.  The Sixth Circuit held that joinder was improper because the indictment "alleges no connection between Manetas and the cocaine related charges against Hatcher." *Id.*

By contrast, joinder of tax and non-tax offenses in a single indictment is not improper where the government charges a defendant with "failure to pay income tax on the proceeds of the scheme to defraud." *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983) (quoting *United States v. Shelton*, 669 F.2d 446, 460 (7th Cir. 1982); *see also United States v. Isaacs*, 493 F.2d 1124, 1159 (7th Cir. 1974) (holding that Rule 8(b) permits joinder of separate tax offenses against individual coconspirators because the underlying crime generated the tax violations).  Here, according to the government, Boyd failed to pay taxes on the proceeds of the mortgage-fraud scheme in which Gaither participated.  This is a sufficient nexus to permit joinder under Rule 8(b).

### 2.  Severance

In the alternative, Gaither moves for severance, which is within the sound discretion of the district court.  *United States v. Caver*, 470 F.3d 220, 238–39 (6th Cir. 2006).  Considerations of judicial economy militate in favor a single trial for jointly indicted defendants where the charges against them "will be proved by the same evidence and result from the same acts."

*United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004).  Joint trials are efficient and avoid multiple, duplicative proceedings.  However, Federal Rule of Criminal Procedure 14 authorizes courts to sever a defendant's trial from that of his co-defendants if a joint trial would prejudice his rights.  But given the policy preference for joint trials, "a defendant seeking severance . . . bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999).

      Gaither moves for severance on the grounds that he will be prejudiced if tried jointly with Boyd because the government's case against him is "*de minimis*" and the jury will mistakenly treat the weight of the evidence against Boyd as proof of his guilt.  This is not persuasive.  According to the government, Boyd found unsophisticated home-buyers, identified property for them to purchase, and commissioned Gaither to prepare a fraudulent appraisal over-estimating the value of the property.  Although Boyd and Green were presumably more active in the conspiracy, Gaither's role was nonetheless vital.  The government insists that Gaither knowingly lied about the value of the property to both lenders and buyers.  This was the lynchpin of the scheme because without inflating the value of the home, the scheme would not have been profitable.  Gaither's prominent role in the scheme undermines his contention that he will be prejudiced by the spillover of voluminous evidence as to Boyd's guilt, as both men were allegedly vital cogs in the fraud.

      In addition, the government will proffer the same evidence to prove that Gaither and Boyd conspired to commit bank and wire fraud.  Considerations of judicial economy strongly favor a joint trial.  Gaither has not met the heavy burden of establishing that he will be prejudiced by a joint trial because, except in extreme circumstances, the law presumes that juries

are "capable of sorting evidence and considering separately each count and each defendant." *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996).  For the foregoing reasons, the Court **DENIES** Gaither's motion for Relief from Prejudicial Joinder or in the alterative, for Severance.

**IT IS SO ORDERED.**

                                                 s/Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: September 8, 2008**